LYDIA NEWKIRK, ADMINISTRATRIX, APPELLANT, *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY, RESPONDENTS.

*Contract—Parol Evidence—Nonsuit.*

THIS was an action commenced by the Plaintiff's intestate, and continued in her name, to recover four months' salary, alleged to have been due the intestate for services as travelling agent for the Defendants.   On the first day of October, 1860, the President of the Defendants wrote to the intestate the following letter :

"NEW YORK AND HARLEM RAILROAD COMPANY,
"PRESIDENT'S OFFICE, NEW YORK, OCT. 1, 1860.
"FRANCIS NEWKIRK, Esq. :

"SIR—You are hereby appointed general travelling agent for this company, to take charge, in that capacity, of its interests north and west of Albany.   Your duties will be mainly confined to passenger business, but you are also expected, as far as possible, to attend to the freight business.   Your compensation will be $100 a month, and your travelling expenses ; the account to be settled monthly.   You are expected to devote your whole time to these duties.   A new business is to be built up, and all you can do to forward the interests of the company will be duly appreciated.     .     .     .     .     .

"Yours, &c.,
"ALLEN CAMPBELL, President."

Some evidence had been taken in the case of oral negotiations and agreements between the intestate and Mr. Campbell, preceding the writing of this letter.   But after the letter was proved, all such evidence was stricken out, on motion of the Defendants, and without objection on the part of the Plaintiff.   The proof showed that the intestate was employed in soliciting passengers for certain express trains put on the Defendants' road on the first

day of October, 1860, and that these trains were taken off in May, 1861. The intestate was paid $100 a month and expenses from October, 1860, to May, 1861, inclusive, and was paid at the end of each month, except in two instances, when his bills covered two months each. The intestate himself testified that the President sent him West in May, 1861, to stop advertising for summer business, and to collect in the bills for printing, &c., and bring them to New York. That he did so, and returned to New York before the first of June; that the trains were then discontinued, and the business connected with them. He then settled up to the first of June, and made no further claim; did not claim to be hired for a year; went home without instructions; did no more work for the company; presented no bill and had no further connection with the Defendants till on or after the first of October, 1861, when he presented his bill for four months' service from June first to October first, payment of which was refused, on the ground that he had not been employed during that time.

The Judge at the Circuit dismissed the complaint, and the Defendants had judgment, which was affirmed at the General Term, and the Plaintiff appeals to this Court.

*L. Tremaine* for Appellant.
*J. H. Reynolds* for Respondents.


DWIGHT, J.—Evidence of a parol contract was properly stricken out after the production of the letter of employment, especially as there was no objection on the part of the Plaintiff, and the acts of the intestate were entirely consistent with the contract shown by the letter, viz. : a contract for employment and wages by the month. He stopped work before the first of June; was paid up to that day; went home; gave no intimation that he considered himself in the employ of the company, but acted in every respect as if he considered his employment to have ceased on the first of June. I do not think there was any question in the case for the jury to pass upon. The only exceptions of the Appellant are to the refusal of the Court to submit the case to the jury, and

its decision to dismiss the complaint, both of which rulings were clearly right.

The judgment at the Circuit, and of the General Term, should be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.